## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leon Opiacha,

    Petitioner,

v.

Department of Human Services,

    Respondent.

Civ. No. 22-1014 (ECT/BRT)

**REPORT AND RECOMMENDATION**

Petitioner Leon Opiacha, a civil detainee of the State of Minnesota, has filed a petition for a writ of habeas corpus challenging the legality of his ongoing detention. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254. That habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court concludes that it lacks jurisdiction over the petition, and it is recommended that this matter be dismissed without prejudice on that basis.

"Before a second or successive application [for habeas relief under § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Opiacha has previously sought habeas relief from his current civil detention in this District; the petition was denied on the grounds that Opiacha had procedurally defaulted his claims by failing to present those claims for review before the Minnesota Supreme Court, thereby precluding review of the claims in federal court. *See*

1

*Opiacha v. Dep't of Human Services*, Civil No. 20-1046 (DSD/KMM), 2021 WL 3621832, at *5–6 (D. Minn. July 15, 2021) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)); 28 U.S.C. § 2254(b). "A determination of an unexcused state procedural bar is a final determination on the merits for purposes of 28 U.S.C. § 2244(b)," *Caton v. Clarke*, 70 F.3d 64, 65 (8th Cir. 1995) (per curiam), and a new habeas petition brought subsequent to a petition denied due to procedural default is therefore "second or successive" within the meaning of § 2244(b), *see, e.g.*, *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Opiacha does not appear to have sought, much less received, authorization from the Eighth Circuit to pursue habeas corpus relief for a second time from his ongoing civil detention. Without the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed to the merits of Opiacha's habeas petition.[1] *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam).

---

[1] To be sure, not every second-in-time habeas petition is second or successive for purposes of § 2244(b). In the civil-detention context, a claim that the petitioner's detention has *become* unlawful—because, for example, the petitioner is no longer a danger to others—need not be authorized by the court of appeals when the factual development is not alleged to have taken place until after the initial habeas proceedings had concluded. *See Doranti v. Harpstead*, No. 20-CV-0549 (PJS/DTS), 2020 WL 3618576, at *1–2 (D. Minn. July 2, 2020). This is because, in that scenario, the petitioner could not have raised the claim in the habeas initial proceedings: the factual predicate of the claim (the improvement in the petitioner's condition) had not yet occurred. But in the habeas petition now before this Court, Opiacha challenges the legality of civil commitment wholesale—i.e., whether it is lawful for anyone to be civilly detained at all—and alleges that he was denied due process, presumably in his most recent state-court proceedings (which concluded in 2020). The factual predicate of these claims existed at the time Opiacha litigated the first habeas matter. (*See also* Pet. 12, Doc. No. 1) (statement of Opiacha that he raised the same issues previously in this District).

The second-or-successive bar of § 2244(b) is not the only procedural hurdle blocking Opiacha's path to habeas relief. As mentioned above, Opiacha's first habeas petition was denied on the grounds that his claims had been procedurally defaulted in state court—that is, Opiacha had failed to fully exhaust available state-court remedies for those claims, and a state-court procedural rule now prevents Opiacha from challenging the legality of his commitment proceedings and thereby exhausting his claims for relief in that venue. *See Opiacha*, 2021 WL 3621832, at *5. Procedural default is no less a problem for Opiacha today than it was when his initial habeas petition was denied several months ago; the same state-court procedural rules that then prevented Opiacha from presenting his claims for relief attacking the legality of the commitment proceedings continue to do so now. Additionally, it has been more than one year since the most recent state-court proceedings regarding the legality of Opiacha's commitment have concluded, *see In the Matter of Opiacha*, 943 N.W.2d 220 (Minn. Ct. App. 2020), making Opiacha's current habeas petition untimely as well, *see* 28 U.S.C. § 2244(d)(1)(D) (setting a one-year limitations period starting from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence).

But untimeliness and procedural default are not jurisdictional barriers, while the restriction on unauthorized second-or-successive habeas petitions is. Accordingly, it is the jurisdictional ground—that Opiacha has not procured the necessary authorization from the Eighth Circuit, *see* 28 U.S.C. § 2244(b)—upon which it is recommended that this matter be summarily dismissed without prejudice. Because it is recommended that this matter be summarily dismissed pursuant to Rule 4 of the Rules Governing

3

Section 2254 Cases, it is also recommended that Opiacha's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). And finally, because the Court does not consider the basis upon which dismissal is recommended to be reasonably debatable, it is recommended that a certificate of appealability not be granted. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that**:

1. The petition for a writ of habeas corpus of petitioner Leon Opiacha (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Opiacha's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

3. No certificate of appealability be issued.

Dated: May 2, 2022                    *s/ Becky R. Thorson*
                                       BECKY R. THORSON
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).